Subj: Ambulance Squad attached to FD
Date: Friday, August 26, 2005 5:15:46 PM
From: AMaloney@kreindler.com
To: DSkoler@aol.com

Mr. Skoler, attached is the decision you requested that makes clear that EMS functions are separate and distinct from firematic functions. You do not have to be an active firefighter with firefighter training to be able to recover benefits. I note the case does say you must be active as an EMT, and we submit that Glen was active and current as an EMT, and carried his Jericho FD identification that showed his affiliation thereto. You have the Jericho by-laws as they existed on 9/11/01 (I am not aware of any relevant changes to the by-laws since then), and there is nothing in there that bars an associate member from performing EMT functions - only "firematic" functions of a firefighter which require firefighter training, testing, currency and physical fitness elements. EMT functions, as this case shows, fall outside firematic functions of a firefighter.

I will still attempt to get the FDNY letter that draws this distinction and will report back to you sometime next week.

Regards,
Andrew J. Maloney
212-687-8181
<<IR5020_FAX-Exchange-08262005-154241.pdf>>

CONFIDENTIALITY NOTE -- THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR EXEMPT FROM DISCLOSURE UNDERAPPLICABLE LAW. If the reader of this transmission is NOT the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify Kreindler & Kreindler immediately by telephone at 212-687-8181 and delete this

Source: Legal > States Legal - U.S. > New York > Agency & Administrative Materials > NY Agencies & Attorney General Opinions, Combined
Terms: "opinion no. 87-15" (Edit Search | Suggest Terms for My Search)

Select for FOCUS ™ or Delivery

*1987 N.Y. Comp. LEXIS 170, *; 1987 N.Y. St. Comp. 27*

Office of the State Comptroller of New York

**Opinion No. 87-15**

1987 N.Y. Comp. LEXIS 170; 1987 N.Y. St. Comp. 27

March 10, 1987

**SYLLABUS:**
**[*1]**

EMERGENCY RESCUE AND FIRST AID SQUADS -- Disability Benefits (entitlement to of members who receive no firefighting training)

VOLUNTEER FIREMEN -- Disability Benefits (entitlement to of members who receive no firefighting training)

GENERAL MUNICIPAL LAW, § 209-b; VOLUNTEER FIREFIGHTERS' BENEFIT LAW, § 5(1)(a),(k): An active member of a volunteer fire department emergency first aid and rescue squad who has not received firefighting training is not precluded from receiving benefits under the VFBL for injuries incurred while performing a duty or activity enumerated in section 5 of the VFBL.

**REQUESTBY:**

William F. Donlon, Jr., Chairman
Hicksville Fire District Commissioners

**OPINION:**
We have been asked whether a member of a volunteer fire department assigned to the emergency rescue and first aid squad who receives no firefighting training and has no firefighting responsibilities would be entitled to the benefits available to volunteer firefighters under the Volunteer Firefighters' Benefit Law (VFBL) or other state statute.

Regarding the necessity for members of an emergency rescue and first aid squad to receive firefighting training, we note initially that General Municipal Law, § 209-b authorizes the **[*2]** formation of emergency rescue and first aid squads within fire departments to provide emergency and general ambulance service. We are aware of no State statute which prescribes specific training requirements as a prerequisite to membership in a volunteer fire department or company (*cf.* Civil Service Law, § 58-a and 19 NYCRR Part 426 relative to training standards for firefighters in the competitive class of the civil service). Therefore, we have expressed the opinion that the necessity for, and the extent of, any training for volunteer firefighters may be determined by village or fire district rules and regulations (see Village Law, § 10-1000[5]; Town Law, § 176[11]) or by fire company or department by-laws (see 1978 Opns St Comp No. 78-870, unreported). We have also concluded that such rules, regulations and by-laws may provide that persons can be accepted as volunteer firefighters for the sole purpose of becoming members of an emergency rescue and first aid squad and that, in the case of such members, may require first aid training in lieu of firefighting training (Opn No. 78-870, *supra*). Accordingly, it is our opinion that, except as may be required by rules and regulations **[*3]** of a fire district or village, as the case may be, or by fire department or company by-laws, a member of a fire department who is assigned to the emergency rescue and first aid squad need not receive firefighting training.

With respect to the entitlement of a member of a fire department assigned to the emergency rescue and first aid squad to VFBL benefits, we note first that VFBL benefits are available only to *active* volunteer members of a fire company (VFBL, § 3[1]; 1983 Opns St Comp No. 83-115, p 144). In addition, to be eligible for the benefits authorized by the VFBL, the firefighter must be performing a duty or activity enumerated in section

5 of that statute.

In our opinion, section 5 covers both general and emergency ambulance service (see Memorandum of the Joint Legislative Committee on Fire Law, L 1957, ch 549, McKinney's Session Laws of 1957, p 2171). Section 5(1)(a) provides for benefits for injury or illness resulting from:

"a. Necessary travel to, working at, and necessary travel returning from a fire, alarm of fire *or other emergency to which his fire department, fire company, or any unit thereof,* either has responded or would be authorized to respond, **[*4]** including necessary travel during such work or incidental thereto." [Emphasis added.]

In addition, section 5(1)(k) provides for benefits for injury or illness resulting from:

"k. Necessary travel to, work in connection with, and necessary travel returning from *a call for general ambulance service by a member of an emergency rescue and first aid squad* which has been authorized to furnish such service pursuant to section two hundred nine-b of the general municipal law, including necessary travel during such work or incidental thereto." [Emphasis added.]

Therefore, based upon these provisions, it is our opinion that a volunteer firefighter who is an active member of a fire department emergency rescue and first aid squad and is injured or taken ill as the result of responding to a call for general ambulance service or to an emergency call would be entitled to VFBL benefits (1982 Opns St Comp No. 82-236, p 296; Opn No. 83-115, *supra*). We would suggest, however, to avoid the possibility of future disputes, that the fire district consult the insurance carrier which provides its VFBL coverage to ascertain its views in this matter since any determinations in this regard will, **[*5]** in the first instance, be made by the carrier.

Source: Legal > States Legal - U.S. > New York > Agency & Administrative Materials > **NY Agencies & Attorney General Opinions, Combined**
Terms: **"opinion no. 87-15"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, August 26, 2005 - 10:06 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.