LAW OFFICES OF
SAPIENZA AND FRANK
5550 MERRICK ROAD
SUITE 301
MASSAPEQUA, NEW YORK 11758

SALVATORE A. SAPIENZA
JOSEPH F. FRANK
CHRISTINA A. WILCOX

TELEPHONE
516-795-1043
FACSIMILE
516-795-3566

**VIA FACSIMILE**
**(202) 307-1419**

January 10, 2006

United States Department of Justice
Office of Justice Programs
Office of the General Counsel
Washington, D.C. 20531

Attn: Jason P. Cooley, Esq.
Attorney- Advisor

Re: Glenn Winuk, PSOB Program Application

Dear Mr. Cooley:

This communication will confirm that this office is general counsel to the Board of Fire Commissioners of the Jericho Fire District and will serve as my response to your inquiry of this date relative to the application for benefits and subsequent appeals of the Winuk family for benefits under the federal Public Safety Officer Benefit program. As we discussed, and as I understand it, New York State passed special legislation declaring Mr. Winuk post 9-11, to have been an active member of the Jericho Fire Department as of September 11, 2001, and that action may make the answers to your questions purely academic and not applicable to this case, but I will answer them as hypothetical questions based on my understanding of the rules, regulations and bylaws of the Jericho Fire Department and Jericho Fire District and New York State law. The following would be my answers:

First set of numbered questions:

1. inactive
2. no, still an inactive member
3. no, inactive members are not subject to respond, unless they are an active member of another volunteer fire department whose services are accepted under Section 209-i of the General Municipal Law
4. yes, the same restriction on fire related responses applies to emergency medical related responses
5. no

Second set of numbered questions:

1. inactive
2. no
3. no

However, I must note that in light of special legislation declaring him to be an active member by the State legislature and Governor, I believe that the Board of Fire Commissioners of the Jericho Fire District would be required to defer to that legislative action. The definition of active status as a volunteer firefighter in New York State is determined by state law rather than local preference and I believe the Board must defer to that new statutory enactment.

Obviously, in the end the federal government must determine if it will defer to the state legislature on this matter and award the benefits. I think that Mr. Winuk's heroic acts speak for themselves, that the state legislative action should be given effect, and that his family should receive the benefits. The benefits mean far less to the family than the recognition of his government that Glenn made the ultimate sacrifice for his neighbors and fellow countrymen. The volunteer tradition that brought this country into existence through a revolutionary war and lives today within the soul of the volunteer fire service manifested itself in the actions of Glenn on that day and it is time that the federal government accepted that.

Clearly, we appreciate your continued diligence in this matter as you attempt to reach a fair determination.

Very truly yours,

Joseph F. Frank

Cc: Board of Fire Commissioners, Jericho Fire District