Westlaw.

NY LEGIS 468 (2002)



McKINNEY'S 2002 SESSION LAW NEWS OF NEW YORK
225th Legislature

Copr. © West Group 2002. All rights reserved.

Additions are indicated by Text; deletions by ~~Text~~. Changes in tables are made but not highlighted.

CHAPTER 468
S. 7716
FIREFIGHTERS--WORLD TRADE CENTER--ACCIDENTAL DEATH BENEFITS

Approved August 20, 2002, effective as provided in section 3

AN ACT to make certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and to make certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B)

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

§ 1. This act enacts into law major components of legislation which are necessary to redress the catastrophic effects of terrorist attacks on the World Trade Center on September 11, 2001 on the survivors of certain New York City firefighters. Each component is wholly contained within a part identified as parts A and B. The effective date for each particular provision contained within such part is set forth in the last section of such part. Any provision in any section contained within a part, including the effective date of the part, which makes reference to a section "of this act", when used in connection with that particular component, shall be deemed to mean and refer to the corresponding section of the part in which it is found. Section three of this act sets forth the general effective date of this act.

PART A

§ 1. a. The legislature finds and determines that Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, Paul Gill, Kevin Prior, Dana Hannon, Scott Kopytko, Jeffrey Stark, and Mike Ragusa were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PLAINTIFF'S EXHIBIT NO. 14 FOR IDENTIFICATION 4/14/05 DATE: RPTR: NS PENGAD 800-631-6989

Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law shall be deemed to apply to the registered and unregistered domestic partners of Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, Paul Gill, Kevin Prior, Dana Hannon, Scott Kopytko, Jeffrey Stark, and Mike Ragusa, and such domestic partners shall be eligible for the special accidental death benefit provided by such section upon the same terms and conditions as other persons eligible to receive benefits pursuant to such section. The benefits provided by this section shall be payable from the general fund in monthly installments.

b. For the purposes of this section, "domestic partner" shall mean a person at least eighteen years of age who:

(i) was dependent upon the firefighter for support as shown by either unilateral dependence or mutual interdependence, as evidenced by a nexus of factors including, but not limited to, children in common, common ownership of real or personal property, signs of intent to marry, common householding, shared budgeting, and the length of the personal relationship with the firefighter; or

(ii) was registered as the domestic partner of the firefighter with any employer or with any registry of domestic partnerships maintained by the state or by any county, city, town, or village prior to the firefighter's death.

(iii) For the purposes of this section, the definition of domestic partner made by this subdivision shall supplement or supersede any inconsistent definition of such term by any other general, special, or local law, ordinance, code, or charter so that no person qualifying as a domestic partner, as defined in this subdivision, whether registered or unregistered, shall, for the purposes of this section, be deemed not to be a domestic partner.

(iv) For the purposes of this section, the term "domestic partner" shall include the term "surviving domestic partner".

(v) The term "domestic partner" shall not include any person who is related by blood to the victim in a manner that would bar marriage to the victim in New York state.

c. (i) The definition of the term "domestic partner" made by subdivision b of this section shall not be construed to be an exclusive definition.

(ii) The introduction or enactment of this section shall not be construed to divest any court of any authority such court may otherwise have to adjudicate a person a domestic partner on the basis of any criteria other than those specified in this subdivision, whether such person has or has not registered as a domestic partner, or to adjudicate a person to be otherwise entitled to benefit pursuant to section 208-f of the general municipal law, whether such person has or has not registered as a domestic partner.

§ 2. The legislature finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

course of such employment at the World Trade Center on September 11, 2001, leaving as their survivors their dependent parents. Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law shall be deemed to apply to the dependent parents of such deceased firefighters, and such parents shall be eligible for the special accidental death benefit provided by such section upon the same terms and conditions as other persons eligible to receive benefits pursuant to such section. The benefits provided by this section shall be payable from the general fund in monthly installments.

§ 3. The legislature further finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001, leaving as their survivors their dependent parents. The legislature further finds and determines that James J. Corrigan, William X. Wren, and Phillip T. Hayes were formerly employed as firefighters by the fire department of the city of New York and were killed while retired from such employment and in the course of firefighting at the World Trade Center on September 11, 2001. Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law shall be deemed to apply to the widows and children of James J. Corrigan, William X. Wren, and Phillip T. Hayes, and such widows and children shall be eligible for the special accidental death benefit provided by such section upon the same terms and conditions as other persons eligible to receive benefits pursuant to such section. Furthermore, James J. Corrigan, William X. Wren, and Phillip T. Hayes, shall be deemed, as of September 11, 2001 to have been fully reinstated to full active employment status, at their highest achieved rank and status, on and as of September 11, 2001 without any dimunition or return of their previously received retirement benefits. The benefits provided by this section shall be payable from the general fund in monthly installments.

§ 4. This act shall take effect immediately and shall be deemed to have been in full force and effect on and after September 10, 2001.

< End of Part A >

PART B

§ 1. a. The legislature finds and determines that Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, Paul Gill, Kevin Prior, Dana Hannon, Scott Kopytko, Jeffrey Stark, and Mike Ragusa were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001. Notwithstanding any provision of any general, special, or local law or any code, ordinance, or charter to the contrary, the provisions of section 12- 126 of the administrative code of the city of New York and any other applicable provision of law shall be deemed to apply to the registered and unregistered domestic partners of Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, Paul Gill, Kevin Prior, Dana Hannon, Scott Kopytko, Jeffrey Stark, and Mike Ragusa, and such domestic partners shall be eligible for the health insurance

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

coverage provided pursuant to such section 12-126 and any other applicable provision of law upon the same terms and conditions as apply to surviving spouses pursuant to such section or other applicable provision of law.

b. For the purposes of this section, "domestic partner" shall mean a person at least eighteen years of age who:

(i) was dependent upon the firefighter for support as shown by either unilateral dependence or mutual interdependence, as evidenced by a nexus of factors including, but not limited to, children in common, common ownership of real or personal property, signs of intent to marry, common householding, shared budgeting, and the length of the personal relationship with the firefighter; or

(ii) was registered as the domestic partner of the firefighter with any employer or with any registry of domestic partnerships maintained by the state or by any county, city, town, or village prior to the firefighter's death.

(iii) For the purposes of this section, the definition of domestic partner made by this subdivision shall supplement or supersede any inconsistent definition of such term by any other general, special, or local law, ordinance, code, or charter so that no person qualifying as a domestic partner, as defined in this subdivision, whether registered or unregistered, shall, for the purposes of this section, be deemed not to be a domestic partner.

(iv) For the purposes of this section, the term "domestic partner" shall include the term "surviving domestic partner".

(v) The term "domestic partner" shall not include any person who is related by blood to the victim in a manner that would bar marriage to the victim in New York state.

c. (i) The definition of the term "domestic partner" made by subdivision b of this section shall not be construed to be an exclusive definition.

(ii) The introduction or enactment of this section shall not be construed to divest any court of any authority such court may otherwise have to adjudicate a person a domestic partner on the basis of any criteria other than those specified in this subdivision, whether such person has or has not registered as a domestic partner, or to adjudicate a person to be otherwise entitled to benefit pursuant to section 12-126 of the administrative code of the city of New York or other applicable provision of law, whether such person has or has not registered as a domestic partner.

§ 2. The legislature finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001, leaving as their nearest survivors their siblings. Notwithstanding any provision of any general, special, or local law or any code, ordinance, or charter to the contrary, the surviving siblings of such persons shall share among themselves equally, to be paid in a single lump sum, a pension benefit to be determined as follows, in lieu of any other pension benefit otherwise payable on behalf of such deceased

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

firefighters. For each such firefighter, there shall be calculated an estimate of the service retirement benefit that would have been payable to such firefighter if such firefighter had retired for service with twenty years of retirement service credit as a firefighter, multiplied by an actuarial estimate of the remaining years of life expectancy of such firefighter at the age that he or she would have attained upon accrual of twenty years of retirement service credit as a firefighter. Such product shall be discounted to its present value using an actuarially appropriate rate. Such discounted present value amount shall be divided equally among the surviving siblings of their respective deceased firefighter sibling and paid to them by the applicable pension fund.

§ 3. This act shall take effect immediately and shall be deemed to have been in full force and effect on and after September 10, 2001.

< End of Part B >

§ 2. Severability clause. If any clause, sentence, paragraph, subdivision, section or part of this act shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, subdivision, section or part thereof directly involved in the controversy in which such judgment shall have been rendered. It is hereby declared to be the intent of the legislature that this act would have been enacted even if such invalid provisions had not been included herein.

§ 3. This act shall take effect immediately provided, however, that the applicable effective date of parts A and B of this act shall be as specifically set forth in the last section of such parts.

NY LEGIS 468 (2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Citation | Search Result | Rank(R) 1 of 4 | Database
---|---|---|---
NY LEGIS 162 (2003) | | | NY-LEGIS-OLD

2003 Sess. Law News of N.Y. Ch. 162 (S. 5674) (McKINNEY'S)

McKINNEY'S 2003 SESSION LAW NEWS OF NEW YORK
226th Legislature

Copr. (C) West Group 2003. All rights reserved.

Additions are indicated by <<+Text+>>; deletions by <<-Text->>. Changes in tables are made but not highlighted.

CHAPTER 162

S. 5674

WORLD TRADE CENTER--ACCIDENTAL DEATH--FIREFIGHTERS AND FIRE DEPARTMENTS

Approved July 22, 2003

Deemed effective September 10, 2001

AN ACT to amend chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B), in relation to making certain technical corrections thereto

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

**s 1** s 1. Subdivision a of section 1 of part A of chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B) is amended to read as follows:

a. The legislature finds and determines that Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, <<-Kevin Donnelly,->> Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, <<-Paul Gill,->> Kevin Prior, Dana Hannon, <<-Scott Kopytko, Jeffrey Stark,->> <<+Steven Bates, Timothy Haskell, Peter Bielfeld, Eric Olsen+>> and Mike Ragusa were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001. Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law <<+and section 13-347 of the administrative code of the city of New York+>> shall be deemed to apply to the registered and unregistered domestic partners of Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, <<-Kevin Donnelly,->> Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, <<-Paul Gill,->> Kevin Prior, Dana Hannon, <<-Scott Kopytko, Jeffrey Stark,->> <<+Steven Bates, Timothy Haskell, Peter Bielfeld, Eric Olsen+>> and Mike Ragusa, and such domestic partners shall be eligible for the special accidental death benefit <<+and accidental death benefit+>> provided by such <<-section->> <<+sections+>> upon the same terms and conditions as other persons eligible to receive benefits pursuant to such <<-section->>

<<+sections+>>. <<-The benefits provided by this section shall be payable from the general fund in monthly installments.->> <<+In the event that there are surviving children who are eligible to receive or are receiving benefits pursuant to section 208-f of the general municipal law and section 13- +>><<+34 of the administrative code of the city of New York on or after the date this ac became law, this section shall not affect or impair the benefits provided to those surviving children; provided, however, that the registered and unregistered domestic partners of the firefighters identified by this section shall not be entitled to receive benefits pursuant to section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York during the period that the surviving children are eligible to receive or are receiving benefits pursuant to section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York; provided, further, that notwithstanding the provisions of section two of part A of this act, when the surviving children shall cease to be eligible for benefits or shall cease to receive benefits pursuant to the provisions of section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York, the registered and unregistered domestic partners of the firefighters identified by this section shall thereafter be entitled to the benefits provided by section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York. Further, in the event that there are dependent parents who are eligible to receive or are receiving benefits pursuant to section 13-347 of the ministrative code of the city of New York on or after the date this act +>> became law, this section shall not affect or impair the benefits provided to those dependent parents; provided, however, the registered and unregistered domestic partners of the firefighters identified by this section shall not be entitled to receive benefits pursuant to section 13-347 of the administrative code of the city of New York during the period that the dependent parents are eligible to receive or are receiving benefits pursuant to section 13-347 of the administrative code of the city of New York; provided, further, that in the event a dependent parent is receiving benefits pursuant to section 13-347 of the administrative code of the city of New York, the registered and unregistered domestic partners of the firefighters identified by this section shall be entitled to the benefit provided by section 208-f of the general municipal law reduced by the sum of the benefit provided to the dependent parent pursuant to section 13-347 of the administrative code of the city of New York on account of the death of the deceased firefighter and any other reductions provided for in section 208-f of the general municipal law; provided, further, that when the dependent parent shall cease to be eligible for benefits or shall cease to receive benefits pursuant to the provisions of section 13-347 of the administrative code of the city of New York, the registered and unregistered domestic partners of the fire fighters identified by this section shall thereafter be entitled to the benefits provided by +>><<+section 13-347 of the administrative code of the city of New York. In the event that the registered and unregistered domestic partners of the firefighters identified by this section are the only persons who are eligible to receive benefits pursuant to section 208-f of the general municipal law and section 13-347 of the ad istrative code of the city of New York according to the provisions of this se on, such domestic partners shall be entitled to the benefit provided by

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

NY LEGIS 162 (2003)
s

section 208-f of the general municipal law reduced by the sum of the benefit provided to the domestic partner pursuant to section 13-347 of the administrative code of the city of New York on account of the death of the deceased firefighter and any other reductions provided for in section 208-f of the general municipal law.+>>
s 2
s 2. Section 2 of part A of chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B) is amended to read as follows:
s 2. The legislature finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001, leaving as their <<+nearest+>> survivors their dependent parents. Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law shall be deemed to apply to the dependent parents <<+who are the nearest survivors+>> of such deceased firefighters, and such parents shall be eligible for the special accidental death benefit provided by such section upon the same terms and conditions as other persons eligible to receive benefits pursuant to such section. <<-The benefits provided by this section shall be payable from the general fund in monthly installments.->> <<+In the event that there are surviving spouses or surviving children who are eligible to receive or are receiving benefits pursuant to section 208-f of the general municipal law and section 13- 347 of the administrative code of the city of New York on or after the date this act became law, this section shall not affect or impair the benefits provided to those surviving spouses or surviving children; provided, however, that the dependent parents shall not be entitled to receive benefits pursuant to section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York during the period that the +>> <<+surviving spouses and surviving children are eligible to receive or are receiving benefits pursuant to section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York; provided, further, that except as other wise provided in section one of part A of this act, when the surviving spouses or surviving children shall cease to be eligible for benefits or shall cease to receive benefits pursuant to the provisions of section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York, the dependent parents shall thereafter be entitled to the benefits provided by section 208-f of the general municipal law and section 13-347 of the administrative code of the city of New York. The dependent parents who are eligible to receive benefits pursuant to section 208-f of the general municipal law (according to the provisions of this section) and section 13-347 of the administrative code of the city of New York shall be entitled to the benefit provided by section 208-f of the general municipal law reduced by the sum of the benefit provided to the dependent parent

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Westlaw.

NY LEGIS 162 (2003)
s

pursuant to section 13-347 of the administrative code of the city of New York on account of the death of the deceased firefighter and any other reductions provided for in section 208-f of the general municipal law.+>>

s 3

s 3. Section 3 of part A of chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B) is amended to read as follows:

s 3. <<-The legislature further finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001, leaving as their survivors their dependent parents.->> The legislature further finds and determines that James J. Corrigan, William X. Wren, and Phillip T. Hayes were formerly employed as firefighters by the fire department of the city of New York and were killed while retired from such employment and in the course of firefighting at the World Trade Center on September 11, 2001. Notwithstanding any provision of any general, special, or local law to the contrary, the provisions of section 208-f of the general municipal law <<+and ...ion 13-347 of the administrative code of the city of New York+>> shall be ...ied to apply to the widows and children of James J. Corrigan, William X. Wren, and Phillip T. Hayes, and such widows and children shall be eligible for the special accidental death benefit <<+and accidental death benefit+>> provided by such <<-section->> <<+sections+>> upon the same terms and conditions as other persons eligible to receive benefits pursuant to such <<-section->> <<+sections+>>. Furthermore, James J. Corrigan, William X. Wren, and Phillip T. Hayes, shall be deemed, as of September 11, 2001 to have been fully reinstated to full active employment status, at their highest achieved rank and status, on and as of September 11, 2001 without any <<-dimunition->> <<+diminution+>> or return of their previously received retirement benefits. <<-The benefits provided by this section shall be payable from the general fund in monthly installments.->>

s 4

s 4. Subdivision a of section 1 of part B of chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health insurance benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B) is amended to read as follows:

a. The legislature finds and determines that Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith ...scoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, <<-Paul Gill,->> ...in Prior, Dana Hannon, <<-Scott Kopytko, Jeffrey Stark,->> <<+Steven Bates,

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.
Westlaw.

Timothy Haskell, Peter Bielfeld, Eric Olsen, Gerard Duffy,+>> and Mike Ragusa were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001. Notwithstanding any provision of any general, special, or local law or any code, ordinance, or charter to the contrary, the provisions of section 12-126 of the administrative code of the city of New York and any other applicable provision of law shall be deemed to apply to the registered and unregistered domestic partners of Lawrence Virgilio, James Pappageorge, Jay Ogren, Sergio Villanueva, John Chipura, Kevin Donnelly, Keith Glascoe, Martin McWiliams, Dennis Mojica, Thomas A. Casoria, <<-Paul Gill,->> Kevin Prior, Dana Hannon, <<-Scott Kopytko, Jeffrey Stark,->> <<+Steven Bates, Timothy Haskell, Peter Bielfeld, Eric Olsen, Gerard Duffy,+>> and Mike Ragusa, and such domestic partners shall be eligible for the health insurance coverage provided pursuant to <<-such->> section 12-126 <<+of the administrative code of the city of New York+>> and any other applicable provision of law upon the same terms and conditions as apply to surviving spouses pursuant to such section or other applicable provision of law<<+; provided, however, that if there is a domestic partner who becomes eligible for health insurance coverage pursuant to this section, and a +>><<+surviving child or children who is eligible for health insurance coverage pursuant to section 12-126 of the administrative code of the city of New York, both the domestic partner and the surviving child or children shall be entitled to the health insurance coverage provided by section 12-126 of the administrative code of the city of New York+>>.

5. Section 2 of part B of chapter 468 of the laws of 2002 relating to making certain domestic partners, parents, and widows and children of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for special accidental death benefits pursuant to section 208-f of the general municipal law (PART A); and making certain domestic partners of certain firefighters dying at the World Trade Center on September 11, 2001 eligible for health benefits and to make the surviving siblings of certain firefighters so dying eligible for certain pension benefits (PART B) is amended to read as follows:

s 2. The legislature finds and determines that certain persons were employed as firefighters by the fire department of the city of New York and were killed in the course of such employment at the World Trade Center on September 11, 2001, leaving as their nearest survivors their siblings. Notwithstanding any provision of any general, special, or local law or any code, ordinance, or charter to the contrary, the surviving siblings of such persons shall share among themselves equally, to be paid in a single lump sum, a pension benefit to be determined as follows, in lieu of any other pension benefit otherwise payable on behalf of such deceased firefighters <<+to such surviving siblings, provided, that if the pension benefit payable pursuant to this section is less than the pension benefit otherwise payable to such surviving siblings, the pension benefit otherwise payable shall be paid and there shall be no pension benefit payable pursuant to this section+>>. For each such firefighter, there shall be calculated an estimate of the service retirement benefit that would have been payable to such firefighter if such firefighter had retired for service with nty years of retirement service credit as a firefighter, multiplied by an uarial estimate of the remaining years of life expectancy of such firefighter

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

NY LEGIS 162 (2003)
s

at the age that he or she would have attained upon accrual of twenty years of retirement service credit as a firefighter. Such product shall be discounted to its present value using an actuarially appropriate rate. Such discounted present value amount shall be divided equally among the surviving siblings of their respective deceased firefighter sibling and paid to them by the applicable pension fund.

**s 6**

s 6. This act shall take effect immediately and shall be deemed to have been in full force and effect on and after September 10, 2001.

NY LEGIS 162 (2003)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

Andrew J. Maloney, III
Kreindler & Kreindler, LLP
100 Park Avenue
New York, NY 10017-5590

Re: Glenn J. Winuk; PSOB Claim No. 01-911-415

Dear Mr. Maloney:

As the Director is approaching final conclusion of his determination of this claim, the Office of Justice Programs' Bureau of Justice Assistance (BJA) received the attached memorandum from the State of New York, Department of Health, which was sent in response to an inquiry that I forward to you for comment and response pursuant to 28 C.F.R. § 32.24(h)(1)(ii).

I look forward to your response, if any, within the timeframe indicated in the regulation.

Sincerely,

Hope D. Janke
Director, Public Safety Officers' Benefits Office

Attachment