IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SEYMOUR WINUK, individually as the father of GLENN WINUK, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-770C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DECLARATION OF CLAUDIA BURKE

I, Claudia Burke, state the following:

1. I am an attorney with the Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C. In that capacity, I am counsel of record in Seymour Winuk v. United States, No. 06-770C.

2. In its order dated February 22, 2007, the Court ordered me to provide a list of the BJA cases whose decisional documents have been sought by plaintiffs. Listed below are all of those cases and all of the decisional documents, at every level, sought by plaintiff, Seymour Winuk.

3. In preparing this declaration, on February 26, 2007, I visited the offices of the Department of Justice, Office of Justice Programs, Bureau of Justice Assistance ("BJA") to review BJA files for the 16 claims about which Mr. Winuk has inquired. The BJA provided me with the complete file for each of the requested claims. See Affidavit of Hope D. Janke (Attachment B).

4. The following is a list of cases whose documents have been requested by Mr. Winuk and decisional documents, at every level, that were found in those case files:

A. William Wren, Cl. No. 01-911-0402
   1. Claim Determination, 7/26/02

B. James T. Corrigan, Cl. No. 01-911-0405
   1. Claim Determination, 7/26/02

C. Philip T. Hayes, Cl. No. 01-911-0407
   1. Claim Determination, 7/26/02

D. Joseph Amatuccio, Cl. No. 01-911-0424
   1. Claim Determination, 06/30/06
   2. Claim Determination, 11/17/06 (superseding 06/30/06 claim determination)

E. James Barbella, Cl. No. 01-911-0425
   1. Claim Determination, 06/30/06
   2. Claim Determination, 10/23/06 (superseding 06/30/06 claim determination)

F. Edward Calderon, Cl. No. 01-911-0426
   1. Claim Determination, 06/30/06

G. Carlos Dacosta, Cl. No. 01-911-0427
   1. Claim Determination, 06/30/06

H. Francis Demartini, Cl. No. 01-911-0428
   1. Claim Determination, 06/30/06

I. Kenneth Grouzalis, Cl. No. 01-911-0429
   1. Claim Determination, 06/30/06

J. Douglas Karpiloff, Cl. No. 01-911-0430
   1. Claim Determination, 06/30/06

K. Robert Lynch, Cl. No. 01-911-0431
   1. Claim Determination, 06/30/06

L. Robert Negron, Cl. No. 01-911-0432
   1. Claim Determination, 06/30/06

M. David Ortiz, Cl. No. 01-911-0433
   1. Claim Determination, 06/30/06

N. Francis Riccardelli, Cl. No. 01-911-0434
   1. Claim Determination, 06/30/06

O. Edward Strauss, Cl. No. 01-911-0435
   1. Claim Determination, 06/30/06

P. Eugene Raggio, Cl. No. 01-911-0415
   1. Letter from Eileen Garry to Joseph Morris, 01/27/03, containing advisory opinion on certification issues[2]
   2. Claim Determination 6/23/04
   2. Hearing Officer's Decision, 05/14/05, Eugene Raggio, Cl. No. 01-911-0415
   3. Final Agency Determination, 03/24/06, Eugene Raggio, Cl. No. 01-911-041

5. It is my understanding that counsel for Mr. Winuk has received copies of all of these decisional documents except documents D-1 and E-1, which counsel for Mr. Winuk has stated he does not wish to see.

6. Documents A1-C1 were included in the administrative record because they were raised by Mr. Winuk during the proceedings before the BJA and therefore considered by the BJA. The remainder of the documents were not included in the administrative record because they were not considered by the BJA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 28, 2007.

Claudia Burke

[2] During the Court's February 22, 2007 status conference, Mr. Winuk's counsel characterized this document as "decisional." However, this document does not decide any claim. Therefore, it is not decisional, it is merely advisory and represents the BJA's confirmation of telephonic communications with the Port Authority's regarding possible certification of individuals. I have included it in this list out of an abundance of caution because Mr. Winuk specifically raised its existence and, therefore, we were not certain whether the Court intended that I include the document on this list. In any event, Mr. Winuk's counsel possesses a copy of the document.