IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SEYMOUR WINUK, individually as the father of GLENN WINUK, deceased, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-770C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND TO COMPEL PRODUCTION OF PRIVILEGED DOCUMENTS

Pursuant to Rule 7 of the rules of this Court ("RCFC"), and this Court's order dated March 5, 2007, defendant, the United States, respectfully opposes the motion for leave to supplement the administrative record and to compel production of privileged documents filed by plaintiff, Seymour Winuk.[1] Mr. Winuk has not demonstrated that supplementation of the record is required or at all appropriate, or that our assertion of privilege is in any way flawed.

Specifically, Mr. Winuk contends that three documents not included in the administrative record should be either produced or reviewed by the Court in camera. Pl. Mot. at 2. Mr. Winuk also contends that the record should be supplemented with two categories of documents: (1) decisional documents from 13 Department of Justice, Office of Justice Programs, Bureau of Justice Assistance ("BJA") determinations awarding Public Law 107-37 benefits to certain Port Authority of New York and New Jersey employees; and (2), documents reflecting recent

[1] The Court also ordered us to provide the documents over which we assert privilege for in camera review. We have, today by hand delivery, provided those documents to the Court.

recognition of Mr. Glenn Winuk by various organizations. Because none of these documents was considered by the BJA in its determination or raised by Mr. Winuk before the BJA, supplementation of the record is inappropriate.

I. Mr. Winuk's Motion To Supplement The Administrative Record Is Unsubstantiated

This Court reviews Public Safety Officer Benefits Act ("PSOBA") cases upon the administrative record, pursuant to RCFC 52.1. See Groff v. United States, 72 Fed. Cl. 68, 80 (2006) (citing Bannum v. United States, 404 F3d. 1346, 1354-55 (Fed. Cir. 2005) (discussing the difference between administrative record review (now Rule 52.1) and summary judgment (Rule 56)). As such, like this Court's review of administrative records in bid protests, the Court's review is limited to the administrative record already in existence. Pikes Peak Family Hous., LLC v. United States, 40 Fed. Cl. 673, 676 (1998) (quoting Cubic Application, Inc., v. United States, 37 Fed. Cl. 339, 342 (1997)). This requirement comports with the rule's language, which states that the Court reviews only information "relevant to [the agency's] decision." RCFC 52.1. Accordingly, this Court confines its review to the administrative record, i.e., the record that was before the decision maker at the time of review. Advanced Data Concepts, Inc. v. United States, 216 F.3d 1054, 1057 (Fed. Cir. 2000) (citations omitted).

The Court recognizes only the following circumstances in which the administrative record may be appropriately supplemented:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the

> decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

Pikes Peak, 40 Fed. Cl. at 676 (quoting Esch v. Yeutter, 876 F. 2d 976, 991 (D.C. Cir. 1989)(citations omitted)). Application of these Esch factors, therefore, makes supplementation the exception, not the rule.

Mr. Winuk fails to demonstrate that any of these circumstances exists here. BJA did not consider, at any stage of the proceedings, the Port Authority claims raised by Mr. Winuk here.[2] Nor has Mr. Winuk pointed to any evidence, record or otherwise, that supports his assertion that he ever raised the issue of the Port Authority claims before the BJA. None of the communications in the record contains any reference to these Port Authority claims. Indeed, communications between BJA and Mr. Winuk's counsel confirm that Mr. Winuk only inquired about these claims on October 3, 2007, after the BJA decision was issued. See Def. Resp. to Court's Feb. 22, 2007 Order, Attachment B (Declaration of Hope Janke at ¶ 2 n.1). By contrast, when Mr. Winuk raised claims regarding three New York firefighters, those claims were addressed by the BJA and, accordingly are included in the record. See AR Tab 1 at 25-26; Gov't March 7, 2007 Notice of Supplementation.[3] In other words, there would have been no reason for

---

[2] Neither did Mr. Winuk present evidence to the BJA concerning certain memorials in honor of Mr. Glenn Winuk. Although we fully recognize that many honors were bestowed upon Mr. Glenn Winuk for his heroic life and death, those honors that were not presented to the BJA for consideration simply cannot be included in the record.

[3] Mr. Winuk uses this issue to introduce arguments upon the merits of his claim — arguments that have no place in the briefing of issues concerning the contents of the administrative record. Accordingly, Mr. Winuk's comments, regarding when the BJA became aware that the three New York firefighters were retired, are entirely irrelevant. In any event, Mr. Winuk misstates the parties' joint statement of facts, stating incorrectly that BJA "admitted" inconsistent application

the BJA arbitrarily to exclude discussion of any properly-raised information when it so clearly took great pains to include all evidence raised by Mr. Winuk in its thorough and reasoned decision. Therefore, because the Port Authority documents were not considered by the BJA in rendering its decision, they were properly not included in the record.

Indeed, Mr. Winuk's view of the administrative record process is fundamentally flawed. The contents of the administrative record must contain only issues considered by the agency in rendering its decision. See Advanced Data Concepts, 216 F.3d at 1057. By definition, then, the record cannot properly contain any evidence not considered by the agency. Our application of this basic principle of administrative law does not, as Mr. Winuk boldly suggests, indicate that the agency has "something to hide," or that the Government is "attempt[ing] to prevent the Court from reviewing the BJA's conduct . . . ." Pl. Mot. at 7. On the contrary, the administrative record could not lawfully contain any information not considered by or raised to the agency.

Mr. Winuk merely expresses his dissatisfaction with the BJA's decision and now attempts to raise other issues not considered by the BJA in the hopes that this Court will consider them. However, as we have demonstrated, the Court here reviews the decision of the agency. If an issue was not raised before the agency and consequently, not decided by the agency, by definition, the issue has been waived and this Court could not consider it, in the first instance, in applying the standard of review. To the extent that Mr. Winuk seeks to use these documents to demonstrate that the BJA's decision was arbitrary and capricious, and to the extent that Mr. Winuk has not waived his ability to do so, the Court has already permitted Mr. Winuk to attach

---

of the law. Joint Stipulation of Fact paragraph 15 admits no such inconsistency. Indeed, Mr. Winuk is making a legal argument that properly belongs in his brief upon the merits, not in his motion to supplement the record.

these decisions to his motion for judgment upon the administrative record. See March 5, 2007 Order. Certainly, however, these documents cannot be considered part of the administrative record of this claim, such that they would then become part of the "substantial evidence" reviewed by the Court. If they were, the Court would be substituting its own judgment and indeed considering new evidence that has not even been considered by the BJA in the first instance.

II. Mr. Winuk's Motion To Compel Production Of Privileged Documents Should Be Denied

The attorney-client privilege attaches to communications made by a client, or a person seeking to be a client, to an attorney outside the presence of third parties for the purpose of securing legal advice or services. Cabot v. United States, 35 Fed. Cl. 442, 444 (1996). "While the Government may bear the burden of persuading the court that the communication at issue arose out of an actual attorney-client relationship," this "burden is satisfied if 'the overall tenor of the document indicates that it is a request for legal advice or services.'" First Height Bank, FSB v. United States, 46 Fed. Cl. 312, 315 (2000) (quoting In re Spalding Sports Worldwise, Inc., 203 F.3d 800, 805 (Fed. Cir. 2000)). Further, a privilege log identifying the author, addressee, and date for a document and identifying the general character of the document is sufficient to satisfy this obligation. First Height, 46 Fed. Cl. at 315 ("[plaintiff's] assertion that the Government has not provided sufficient detail in its privilege logs to justify its attorney-client privilege claims is without merit"); see In re Sante Fe International Corp., 272 F.3d 705, 710 (5th Cir. 2001) ("[i]n complex litigation, compliance with Rule 26(b)(5) is 'usually accomplished by submission of a log identifying documents or other communications by date and by the names of the author(s) and recipient(s), and describing their general subject matter . . . .'") (quoting

Manual for Complex Litigation (Third) § 21.431 (1995)).

Here, three attorney-client communications were not included in the record. As we demonstrated in our privilege log provided to Mr. Winuk on February 27, 2007, two of these documents contain recommendations made by the Deputy General Counsel to his client, the Director of the BJA. The final document contains an excerpt from an email written by an Office of Justice Program attorney advisor regarding another claim, unrelated to this claim or any claim raised by Mr. Winuk during the proceedings before BJA or before this Court. These documents are, on their face, clear communications regarding legal advice and recommendations between client and attorney. Therefore, we have satisfied our burden to demonstrate that these documents are privileged.

Mr. Winuk speculates, wholly without basis, that the privileged documents contain information relevant to this case, remarkably, even going so far as to suggest that our assertion of privilege manifests a "vendetta" against Mr. Glenn Winuk. Pl. Mot. at 6. Specifically, Mr. Winuk contends that these documents contain information regarding the New York firefighter claim documents that were recently included in the administrative record. AR 357-63. As we stated during the parties' teleconference with the Court on March 5, 2007, none of these documents concerns the New York firefighter claims, nor has Mr. Winuk pointed to any evidence to support his belief to the contrary. If Mr. Winuk intends to suggest that the BJA has somehow acted in bad faith, he must first overcome the well-settled presumption that Government officials are presumed to act in good faith — a presumption that requires at least clear and convincing evidence, not mere speculation, to overcome. See Southern Comfort Builders v. United States,

67 Fed. Cl. 124, 153-54 (2005) (citing cases).[4] To the extent that Mr. Winuk contends these documents evidence arbitrary and capricious conduct by the BJA, he does so based only upon pure speculation and in a veiled attempt to argue the merits of his appeal.

And, in any event, the Court has already required us to provide the privileged documents for in camera review. See March 5, 2007 Order. Accordingly, the relief sought by Mr. Winuk in his motion to compel has effectively already been granted.

CONCLUSION

For these reasons, we respectfully request that the Court deny Mr. Winuk's motion to supplement the record and compel production of privileged documents.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

---

[4] Mr. Winuk appears to imply that one of the exceptions to the attorney-client privilege exists here. Pl. Mot. at 6 (stating that an alleged “vendetta” against Mr. Glenn Winuk requires waiver of the privilege). Although there exists a crime-fraud exception to the privilege, Mr. Winuk has not proffered any evidence to support such a claim. In the absence of this high standard of proof, the privilege remains intact. See In Re Spalding Sports Worldwide, Inc., 203 F.3d 800, 806 (Fed. Cir. 2000).

OF COUNSEL:
RAFAEL MADAN
General Counsel

JASON COOLEY
Attorney-Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th St. N.W.
Washington, D.C. 20531

s/ Claudia Burke
CLAUDIA BURKE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl.
1100 L St. N.W.
Washington, D.C. 20530
Tel: (202) 353-9063
Fax: (202) 514-7965

March 16, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 16th day of March 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND TO COMPEL PRODUCTION OF PRIVILEGED DOCUMENTS " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke