**FINAL AGENCY DETERMINATION**
**PSOB Claim No. 01-911-0415**
**General Operations Supervisor Eugene Raggio**

On May 6, 2003, the Public Safety Officers' Benefits ("PSOB") Office received a claim for death benefits under the PSOB Act (42 U.S.C. § 3796(a)), from ("Claimant"), the spouse of General Operations Supervisor ("GPS") Eugene Raggio. As a Port Authority of New York and New Jersey ("Port Authority") employee at the World Trade Center, GPS Raggio was responsible for fire safety security staff and for supervising the Operations Control Center. GPS Raggio died tragically on September 11, 2001, during the terrorist attacks on the World Trade Center, while he was evacuating people from World Trade Center towers. On June 23, 2004, the PSOB Office determined that based on the evidence submitted in the claim, Claimant had not established that GPS Raggio was a public safety officer as required under the PSOB Act. On July 26, 2004, Claimant filed an appeal of the initial determination. On May 12, 2005, the Hearing Officer issued a decision, finding that GPS Raggio's death was covered by the PSOB Act. Pursuant to 28 C.F.R. § 32.24(h), I have elected to review the Hearing Officer's decision.

In my review, I requested more information from the Port Authority. On January 13, 2006, Kenneth J. Ringler, Jr., Executive Director of the Port Authority, certified by letter as follows:

> Pursuant to P.L. 107-37 signed by the President on September 18, 2001, to provide for the expedited payment of certain benefits for a public safety officer who died as direct and proximate result of a traumatic injury sustained in the line of duty as described in section 1201(a) of Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3796(c)) in connection with the terrorist attacks of September 11, 2001, The Port Authority of New York and New Jersey hereby certifies, based upon a review of its official records, that the thirteen employees of the World Trade Department of the Port Authority, functioning in their capacity as rescue squad members for the World Trade Center and, therefore, qualifying as public safety officers as defined in Section 1204(8)(A) of the Act (42 U.S.C. 3796b(8)(A)), listed on the attachment were killed in the line of duty and their death resulted from traumatic injuries as defined in the regulations appearing at 28 CFR Part 32.

GPS Raggio was included in the list referred to in the certification. Based on my review of the record, I find nothing that leads me to question the facts certified to with regard to GPS Raggio.

**Conclusions of Law**

1. Pub. Law 107-37[1/] (September 18, 2001) provides for the payment of "benefits described

---

[1/] Pub. L. No. 107-37 was amended by § 612 of the USA PATRIOT Act (Pub. L. No. 107-56, 115 Stat. 272, 369 (2001)). Additionally, § 611 of the USA PATRIOT Act authorizes a death and disability benefit program that is all-but identical to the one created by Pub. L. No. 107-37 (as amended), except that it applies more generically "in connection with prevention, investigation, rescue or recovery efforts related to a terrorist attack."

under [the PSOB Act]" to "qualified beneficiaries" of "public safety officer[s] killed . . . in connection with . . . the terrorist attacks of September 11, 2001." Specifically, section 1 of Public Law 107-37 provides that:

> upon certification (containing identification of all eligible payees of benefits pursuant to section 1201) by a public agency that a public safety officer employed by such agency was killed or suffered a catastrophic injury producing permanent and total disability as a direct and proximate result of a personal injury sustained in the line of duty as described in section 1201 of such Act, in connection with the rescue or recovery efforts related to the terrorist attacks of September 11, 2001, the Director of the Bureau of Justice Assistance shall authorized payment to qualified beneficiaries, said payment to be make not later than 30 days after receipt of such certification, benefits described under subpart 1 of part L of such Act (42 U.S.C. § 3796 *et seq.*).

2. Although it provides expressly that the death and disability benefits it authorizes are identical to the death and disability benefits described in 42 U.S.C. § 3796 (*i.e.*, the PSOB Act),[2] Public Law 107-37 is a separate and distinct benefit program from the program established by the PSOB Act; eligible claimants may receive benefits under either program, but not both.

3. The certifications specified by Pub. L. No. 107-37 constitute *prima facie* evidence of the matters certified.

**Decision**

I find that Claimant is eligible to receive the death benefits authorized by Pub. L. 107-37. Accordingly, the Hearing Officer's decision that Claimant is eligible for the death benefits authorized by the PSOB Act is rendered moot, and hereby vacated.

[signature] 3-24-06

Domingo S. Herraiz
Director

Date

---

[2] Among other things, Public Law 107-37 incorporates by reference the definition of the term "public safety officer." This term is defined, in 42 U.S.C. § 3796b(8)(A), as "an individual serving a public agency in an official capacity, with or without compensation, as a law enforcement officer, as a firefighter, as a chaplain or as a member of a rescue squad or ambulance crew."

THE PORT AUTHORITY OF NY & NJ

*Kenneth J. Ringler, Jr.*
*Executive Director*

January 13, 2006

JAN 2 3 2006

The Honorable Domingo S. Herraiz
Director
Bureau of Justice Assistance
810 Seventh Street, N.W.
4th Floor
Washington, DC 20531

Dear Director Herraiz:

Pursuant to P.L. 107-37 signed by the President on September 18, 2001, to provide for the expedited payment of certain benefits for a public safety officer who died as a direct and proximate result of a traumatic injury sustained in the line of duty as described in section 1201(a) of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3796(a)) in connection with the terrorist attacks of September 11, 2001, The Port Authority of New York and New Jersey hereby certifies, based upon a review of its official records, that the thirteen employees of the World Trade Department of the Port Authority, functioning in their capacity as rescue squad members for the World Trade Center and, therefore, qualifying as public safety officers as defined in Section 1204(8)(A) of the Act (42 U.S.C. 3796b(8)(A)), listed on the attachment were killed in the line of duty and their deaths resulted from traumatic injuries as defined in the regulations appearing at 28 CFR Part 32.

Please coordinate with Ruth Montgomery of my staff for matters relating to this process. She can be reached at (212) 435-2885.

Thank you for your assistance with this matter.

Sincerely,

Kenneth J. Ringler, Jr.
Executive Director

cc: Hope D. Janke

*225 Park Avenue South, 15th Floor*
*New York, NY 10003*
*T: 212 435 7271 F: 212 435 6670*

Attachment

Port Authority Certification for Public Safety Officer Benefits for Thirteen World Trade Department Responders

| | Name | Title | Social Security Number | Date of Birth |
|---|---|---|---|---|
| 1 | Joseph Amatuccio | Chief Maintenance Supervisor | 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 | 03-15-1960 |
| 2 | James Barbella | General Maintenance Supervisor | 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 | 05-23-1948 |
| 3 | Edward Calderon | Operations Group Supervisor / Property Manager 1 WTC | 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 | 07-21-1957 |
| 4 | Carlos da Costa | Assistant General Manager WTC Building Services | 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 | 04-11-1960 |
| 5 | Frank DeMartini | Manager, World Trade/Economic Development Construction | 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 | 03-31-1952 |
| 6 | Kenneth Grouzalis | Property Manager | 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 | 09-06-1945 |
| 7 | Douglas Karpiloff | Security And Life Safety Director - WTC | 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 | 07-28-1948 |
| 8 | Robert Lynch | Property Manager | 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 | 12-29-1956 |
| 9 | Peter Negron | Designer (Architectural) | 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 | 09-19-1966 |
| 10 | David Ortiz | Locksmith | 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 | 04-08-1964 |
| 11 | Eugene Raggio | General Operations Supervisor | 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 | 04-07-1946 |
| 12 | Francis Riccardelli | Program Manager, Building Systems World Trade (Manager, Vertical Transportation Systems) | 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 | 12-28-1960 |
| 13 | Edward Strauss | Chief Operations Supervisor | 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 | 08-28-1957 |

**U.S. Department of Justice**

Office of Justice Programps

*Washington, D.C. 20531*

# PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

**Case Number:** 01-911-0434

**Decedent:** Francis Saverio Riccardelli, The Port Authority of New York and New Jersey

**Case Summary:** On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Francis Saverio Riccardelli died of injuries sustained in the line of duty.

**Survivors:** The Port Authority of New York and New Jersey Emergency Services Officer Francis Saverio Riccardelli is survived by his spouse, ; and his children . Because are minors, their benefits will be made payable to their mother, with instructions to use the proceeds for the use and care of the minor children and to act as custodian of their benefits. No other beneficiaries were identified.

**Determination:** This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Francis Saverio Riccardelli **is covered** under Public Law 107-37. The Port Authority of New York and New Jersey ESO Francis Saverio Riccardelli died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Francis Saverio Riccardelli's spouse, will be awarded $125,000.00; and his children will each be awarded $25,000.00. The entire benefit is $250,000.00 which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0434** **Emergency Services Officer Francis Saverio Riccardelli**

**Prepared by:** ______________________ 6/31/2006
Benefits Specialist — Date
Public Safety Officers' Benefits Office

**Approved by:** ______________________ 6/30/06
Director — Date
Public Safety Officers' Benefits Office

**Concurrence by:** ______________________ 30 June 2006
Office of General Counsel — Date
Office of Justice Programs

U.S. Department of Justice

Office of Justice Programs

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

**Case Number:** 01-911-0435

**Decedent:** Edward Thomas Strauss, The Port Authority of New York and New Jersey

**Case Summary:** On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Edward Thomas Strauss died of injuries sustained in the line of duty.

**Survivors:** The Port Authority of New York and New Jersey Emergency Services Officer Edward Thomas Strauss is survived by his spouse, [ ] and his children [ and ] Because was over 18, not a full-time student, and capable of self-support, he is not eligible for the benefit. Because is a minor, his benefit will be made payable to his mother, [ ] with instructions to use the proceeds for the use and care of the minor child and to act as custodian of his benefit. No other beneficiaries were identified.

**Determination:** This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Edward Thomas Strauss **is covered** under Public Law 107-37. The Port Authority of New York and New Jersey ESO Edward Thomas Strauss died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Edward Thomas Strauss' spouse, [ ] and his child [ ] will each be awarded $125,000.00. The entire benefit is $250,000.00 which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0435** **Emergency Services Officer Edward Thomas Strauss**

**Prepared by:** ______________________ 6/30/2006
Benefits Specialist Date
Public Safety Officers' Benefits Office

**Approved by:** ______________________ 6/30/06
Director Date
Public Safety Officers' Benefits Office

**Concurrence by:** ______________________ 30 June 2006
Office of General Counsel Date
Office of Justice Programs

**U.S. Department of Justice**

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

**Case Number:** 01-911-0424

**Decedent:** Joseph Amatuccio, The Port Authority of New York and New Jersey

**Case Summary:** On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Joseph Amatuccio died of injuries sustained in the line of duty.

**Survivors:** The Port Authority of New York and New Jersey Emergency Services Officer Joseph Amatuccio is survived by his spouse, ; and his children , and dependent grandchildren . Because were over 18 years old, not full-time students, and capable of self-support at the time of ESO Amatuccio's death, they are not eligible for the benefit. Because was not over 18 years old at the time of ESO Amatuccio's death, he is eligible. were in the legal custody of ESO Amatuccio's wife, and they were dependents of ESO Amatuccio; each qualify as a "child" of ESO Amatuccio under 42 U.S.C. § 3796b(3) and the corresponding regulations. No other eligible beneficiaries were identified.

**Determination:** This claim was certified as ready for determination on October 18, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Joseph Amatuccio is covered under Public Law 107-37. The Port Authority of New York and New Jersey ESO Joseph Amatuccio died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Joseph Amatuccio's spouse, , will be awarded $125,000.00. The necessary documentation to show that were dependents of ESO Amatuccio was submitted to the PSOB Office and satisfies the requirement to be deemed children. Therefore, will be awarded $41,666.68; and will each be awarded $41,666.66 which will be made payable to , to be used for their use and benefit. The total award is $250,000.00, which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0424** **Emergency Services Officer Joseph Amatuccio**

**Prepared by:** ______________________ 10/18/2006
Benefits Specialist Date
Public Safety Officers' Benefits Office

**Approved by:** ______________________ 10/30/06
Director Date
Public Safety Officers' Benefits Office

**Concurrence by:** ______________________ 17 Nov. 2006
Office of General Counsel Date
Office of Justice Programs

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

---

*Washington, D.C. 20531*

**PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION**

**Case Number**: 01-911-0425

**Decedent**: James William Barbella, The Port Authority of New York and New Jersey

**Case Summary**: On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) James William Barbella died of injuries sustained in the line of duty.

**Survivors**: The Port Authority of New York and New Jersey Emergency Services Officer James William Barbella is survived by his spouse, ; and his children . Because and were over 18 years old, not full-time students, and capable of self-support, they are not eligible for the benefit. has claimed is an adult dependent, but more information is needed to determine if she is eligible for the benefit under the definition of "child" as provided at 42 U.S.C. § 3796b(3). No other eligible beneficiaries were identified.

**Determination**: This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO James William Barbella **is covered** under Public Law 107-37. The Port Authority of New York and New Jersey ESO James William Barbella died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO James William Barbella's spouse, will be awarded $125,000.00. The necessary medical documentation for was submitted to the PSOB Office and satisfies the requirement to be deemed an adult dependent child. Therefore, the remainder of the benefit in the amount of $125,000.00, will be made payable to , to be used for the use and benefit of . The total award is $250,000.00, which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0425** **Emergency Services Officer James William Barbella**

**Prepared by:** ______________________ 10/13/2006
Benefits Specialist — Date
Public Safety Officers' Benefits Office

**Approved by:** ______________________ 10/18/06
Director — Date
Public Safety Officers' Benefits Office

**Concurrence by:** ______________________ 10/23/06
Office of General Counsel — Date
Office of Justice Programs

U.S. Department of Justice

Office of Justice Programs

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

**Case Number:** 01-911-0426

**Decedent:** Edward Calderon, The Port Authority of New York and New Jersey

**Case Summary:** On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Edward Calderon died of injuries sustained in the line of duty.

**Survivors:** The Port Authority of New York and New Jersey Emergency Services Officer Edward Calderon is survived by his spouse, ; and his children . Because was over 18 years old, not a full-time student, and capable of self-support, she is not eligible for the benefit. Because is over 18 years old, his benefit will be made payable to him. No other beneficiaries were identified.

**Determination:** This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Edward Calderon is covered under Public Law 107-37. The Port Authority of New York and New Jersey ESO Edward Calderon died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Edward Calderon's spouse, and his child , will each be awarded $125,000.00. The total award is $250,000.00, which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0426** **Emergency Services Officer Edward Calderon**

**Prepared by:**

Benefits Specialist
Public Safety Officers' Benefits Office

6/30/2006
Date

**Approved by:**

Director
Public Safety Officers' Benefits Office

6/30/06
Date

**Concurrence by:**

Office of General Counsel
Office of Justice Programs

30 June 2006
Date

U.S. Department of Justice

Office of Justice Programs

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

<u>Case Number</u>: 01-911-0427

<u>Decedent</u>: Carlos Silverio DaCosta, The Port Authority of New York and New Jersey

<u>Case Summary</u>: On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Carlos Silverio DaCosta died of injuries sustained in the line of duty.

<u>Survivors</u>: The Port Authority of New York and New Jersey Emergency Services Officer Carlos Silverio DaCosta is survived by his spouse, ; and his children and . Because are minors, their benefits will be made payable to their mother, with instructions to use the proceeds for the use and care of the minor children and to act as custodian of their benefits. No other beneficiaries were identified.

<u>Determination:</u> This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Carlos Silverio DaCosta <u>is covered</u> under Public Law 107-37. The Port Authority of New York and New Jersey ESO Carlos Silverio DaCosta died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Carlos Silverio DaCosta's spouse, , will be awarded $125,000.00; and his children, and , will each be awarded $62,500.00. The total award is $250,000.00, which is the total benefit amount for a death occurring on September 11, 2001.

**PSOB Claim No. 01-911-0427** **Emergency Services Officer Carlos Silverio DaCosta**

**Prepared by:** Benefits Specialist, Public Safety Officers' Benefits Office — Date: 6/30/2006

**Approved by:** Director, Public Safety Officers' Benefits Office — Date: 6/30/06

**Concurrence by:** Office of General Counsel, Office of Justice Programs — Date: 30 June 2006

U.S. Department of Justice

Office of Justice Programs

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

**Case Number:** 01-911-0428

**Decedent:** Francis Albert DeMartini, The Port Authority of New York and New Jersey

**Case Summary:** On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Francis Albert DeMartini died of injuries sustained in the line of duty.

**Survivors:** The Port Authority of New York and New Jersey Emergency Services Officer Francis Albert DeMartini is survived by his spouse, ; and his children . Because are minors, their benefits will be made payable to their mother, , with instructions to use the proceeds for the use and care of the minor children and to act as custodian of their benefits. No other beneficiaries were identified.

**Determination:** This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Francis Albert DeMartini is covered under Public Law 107-37. The Port Authority of New York and New Jersey ESO Francis Albert DeMartini died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Francis Albert DeMartini's spouse, , will be awarded $125,000.00; and his children, and , will each be awarded $62,500.00. The total award is $250,000.00 which is the total benefit amount for a death occurring on September 11, 2001.

PSOB Claim No. 01-911-0428 Emergency Services Officer Francis Albert DeMartini

**Prepared by:** ______________________ 6/30/2006
Benefits Specialist Date
Public Safety Officers' Benefits Office

**Approved by:** ______________________ 6/30/06
Director Date
Public Safety Officers' Benefits Office

**Concurrence by:** ______________________ 30 June 2006
Office of General Counsel Date
Office of Justice Programs

U.S. Department of Justice

Office of Justice Programs

*Washington, D.C. 20531*

## PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION

<u>**Case Number**</u>: 01-911-0429

<u>**Decedent**</u>: Kenneth George Grouzalis, The Port Authority of New York and New Jersey

<u>**Case Summary**</u>: On Tuesday, September 11, 2001, shortly before 9:00 a.m., American Airlines Flight 11 crashed into the north tower of the World Trade Center, and burst into flames. Fifteen minutes later, a second plane, United Flight 175, crashed into the south tower. The impact of both crashes caused the World Trade Centers to collapse. It is estimated that approximately four hundred emergency personnel were killed during rescue attempts. The Port Authority of New York and New Jersey Emergency Services Officer (ESO) Kenneth George Grouzalis died of injuries sustained in the line of duty.

<u>**Survivors**</u>: The Port Authority of New York and New Jersey Emergency Services Officer Kenneth George Grouzalis is survived by his spouse, ; and his child . Because was over 18 years old, not a full-time student, and capable of self-support, she is not eligible for the benefit. No other beneficiaries were identified.

<u>**Determination**</u>: This claim was certified as ready for determination on May 31, 2006. Based on the certification submitted by The Port Authority of New York and New Jersey pursuant to Public Law 107-37, the Claim for Death Benefits pursuant to September 11, 2001 Terrorist Attacks submitted by his spouse, and an analysis of the facts of this case, it is determined that the death of Port Authority of New York and New Jersey ESO Kenneth George Grouzalis <u>**is covered**</u> under Public Law 107-37. The Port Authority of New York and New Jersey ESO Kenneth George Grouzalis died as a direct and proximate result of a personal injury sustained in the line of duty.

Based on the evidence presented in this case we have concluded that The Port Authority of New York and New Jersey ESO Kenneth George Grouzalis' spouse, , will be awarded $250,000.00 which is the total benefit amount for a death occurring on September 11, 2001.

PSOB Claim No. 01-911-0429 Emergency Services Officer Kenneth George Grouzalis

Prepared by: ______________________ 6/30/2006
Benefits Specialist — Date
Public Safety Officers' Benefits Office

Approved by: ______________________ 6/30/06
Director — Date
Public Safety Officers' Benefits Office

Concurrence by: ______________________ 30 June 2006
Office of General Counsel — Date
Office of Justice Programs